UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TOMMY STUTTS, | § | |
| *Plaintiff,* | § | |
| v. | § | CASE NO. 2:14-cv-878 |
| | § | |
| BREEZER HOLDINGS, LLC | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |

# ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff Tommy Stutts ("Stutts") and files this Original Complaint against Defendant Breezer Holdings, LLC ("Defendant") and alleges as follows:

## I. NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## II. THE PARTIES

2. Plaintiff **Tommy Stutts** is an individual resident of Henderson County, Texas.

3. Defendant Breezer Holdings, LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 550 SW 12th Avenue, Suite 550, Deerfield Beach, Florida 33442. Defendant can be served through its registered agent, Ted Stotzer, at the same address.

## III. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) for the reasons set forth above.

6. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the forum, including: (1) at least a portion of the infringements alleged herein; and (2) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.  Upon information and belief, Defendant has also introduced the accused products into the stream of commerce in the United States knowing and expecting that such produced would be used in the State of Texas and the Eastern District of Texas.

### IV.     INFRINGEMENT OF U.S. PATENT NO. 6,789,787

7. This cause of action asserts infringement of United States Patent No. 6,789,787 ("the '787 patent").  The '787 patent is entitled "Portable, Evaporative Cooling Unit having a Self-Contained Water Supply."  The '787 patent was duly and legally issued on September 14, 2004.  Tommy Stutts' work resulted in the patent-at-issue, and Mr. Stutts is the sole named inventor on the '787 patent.  Mr. Stutts is the current owner of all rights, title, and interest under the '787 patent.  Mr. Stutts has at all times maintained the rights and privileges regarding the '787 patent, including the right to bring legal action for infringement of the '787 patent.

8. Defendant has made, had made, used, imported, provided, supplied, distributed, sold and/or offered for sale portable cooling equipment, including but not limited to the Power Breezer Mobile Cooling Device ("PBMCD") and the Breezer in the United States, including Texas, and particularly in this District.  Upon information and belief, at least

Defendant's PBMCD and Breezer units infringe one or more claims of the '787 patent, including without limitation, claim 9.

9. Stutts has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Stutts in an amount that adequately compensates Stutts for such infringements, which, by law, cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. 284.

10. Stutts and/or his predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## PRAYER FOR RELIEF

Mr. Stutts respectfully requests the following relief:

a. That the Court declare that the '787 patent is infringed, either literally or under the doctrine of equivalents, by Defendant as described herein;

b. That the Court enter a permanent injunction against Defendant and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others in active concert therewith from infringement of the '787 patent;

c. That the Court award damages to Stutts to which he is entitled for patent infringement;

d. That the Court award pre and post-judgment interest on the damages caused by Defendant's infringing activities to Stutts;

e. A declaration by the Court that this is an exceptional case and an award to Stutts his reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial of all issues triable of right by a jury.

Dated:  September 9, 2014            Respectfully submitted,

   **/s/ Stafford Davis**
**STAFFORD DAVIS**
State Bar No. 24054605
**THE STAFFORD DAVIS FIRM, PC**
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

ATTORNEY FOR PLAINTIFF
TOMMY STUTTS